IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| JUAN GUZMAN SANCHEZ,<br><br>    Petitioner,<br><br>v.<br><br>RYAN ARBON, Weber County Sheriff;<br>REUBEN LEYVA, Acting Field Office<br>Director, Salt Lake City Enforcement and<br>Removal Operations, U.S. Immigration and<br>Customs Enforcement (ICE/ERO);<br>BRIAN HENKE, Field Office Director for<br>Las Vegas/Salt Lake City; MARKWAYNE<br>MULLIN, Secretary United States<br>Department of Homeland Security; and<br>TODD BLANCHE, Acting U.S. Attorney<br>General,<br><br>    Respondents. | **MEMORANDUM DECISION AND ORDER GRANTING PETITION FOR HABEAS CORPUS**<br><br>Case No. 1:26-cv-00083-JNP<br><br>Chief District Judge Jill N. Parrish |

On June 9, 2026, Petitioner Juan Guzman Sanchez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See* ECF No. 1. The petition argued that Mr. Guzman Sanchez was being detained pursuant to Respondents' novel interpretation of 8 U.S.C. §§ 1225 and 1226, an interpretation which this court has already ruled to be unlawful. *See Lemus Cristales v. Arbon*, No. 2:26-CV-00217-JNP, 2026 WL 892874 (D. Utah Mar. 31, 2026); *Torres v. Tjaden*, No. 2:26-CV-00195-JNP, 2026 WL 800677 (D. Utah Mar. 23, 2026); *Pena Becerra v. Sparks*, No. 2:26-CV-00212-JNP-DBP, 2026 WL 915439 (D. Utah Apr. 3, 2026). The court entered an Order to Show Cause that same day, requiring Respondents to address how, if at all, the facts and law applicable to this petition were distinguishable from the court's prior rulings. *See* ECF No. 6.

On June 15, 2026, Respondents filed their response, acknowledging that the facts of this petition were substantially similar to at least two of the court's prior cases in which the court ordered a bond hearing. ECF No. 23 at 3. Respondents thus request that if the court is inclined to follow its previous rulings, the court should strike the hearing set for June 22 and allow Respondents fourteen days to provide a bond hearing to Mr. Guzman Sanchez. *Id.* at 4.

The court continues to find Respondents' novel interpretation to be unlawful. Applying this conclusion to the facts of this case, Mr. Guzman Sanchez is entitled to a bond hearing under § 1226.

## CONCLUSION AND ORDER

For the foregoing reasons, the court ORDERS as follows:

1. Mr. Juan Guzman Sanchez's petition for a writ of habeas corpus is GRANTED. ECF No. 1.

2. Respondents are ORDERED to provide Mr. Guzman Sanchez with a bond hearing under 8 U.S.C. § 1226(a) within 7 days from the date of this order.

3. If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, he must be either immediately released from detention or released in Salt Lake City as soon as practical and without undue delay, depending on Mr. Guzman Sanchez's preference.

4. Respondents are ENJOINED from denying bond to Mr. Guzman Sanchez on the basis that he is detained under 8 U.S.C. § 1225(b)(2).

5. If Mr. Guzman Sanchez is granted bond, Respondents are ORDERED, at the time of release, to provide him any personal effects and identification documents that were confiscated from him.

6.  Respondents are further ORDERED to file a status report within 10 days from the date of this order stating whether Mr. Guzman Sanchez has been granted bond and, if his request for bond was denied, the reasons for that denial.

DATED this 16th day of June, 2026.

BY THE COURT:

Jill N. Parrish
United States Chief District Judge